FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
* OCTOBER 6, 2026 *
BROOKLYN OFFICE

RCH:ADW
F. #2025R00495

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------X

UNITED STATES OF AMERICA

- against -

MELISSA BROOKS,

Defendant.

---------------------------X

INDICTMENT

Cr. No. 26-CR-280
(T. 18, U.S.C., §§ 201(b)(2)(C), 371, 981(a)(1)(C), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

Judge Brian M. Cogan
Magistrate Judge Joseph A. Marutollo

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I. The Metropolitan Detention Center and BOP Standards of Employee Conduct

1. The Metropolitan Detention Center ("MDC") is a federal administrative detention facility located in Brooklyn, New York. The MDC is operated by the Federal Bureau of Prisons ("BOP").

2. The MDC is currently New York City's only federal detention facility. Most inmates at the MDC are detained pre-trial based on federal criminal charges pending in the United States District Court for the Eastern District of New York or the United States District Court for the Southern District of New York. However, some inmates at the MDC have already been convicted or sentenced.

3. Inmates at the MDC are not permitted to possess contraband inside the MDC. The BOP's Standards of Employee Conduct (the "Standards of Employee Conduct") specify that contraband is "material prohibited by law, or by regulation, or material which can

reasonably be expected to cause physical injury or adversely affect the security, safety, or good order of the institution." Such material includes narcotics, cellular telephones and cigarettes, among other prohibited items.

4. The Standards of Employee Conduct expressly forbid BOP employees from "offer[ing] or giv[ing] to an inmate or a former inmate or any member of their family, or to any person known to be associated with an inmate or former inmate, any gift, article, favor, or service that is not authorized in the performance of the employee's duties." Employees are also prohibited from "accept[ing] any gift, article, favor, or personal service from an inmate or former inmate or any member of their family, or [from] any person known to be associated with or related to an inmate or former inmate." BOP employees are also not permitted to become "involved with families or associates of inmates."

5. All BOP employees, including correctional officers, receive copies of the Standards of Employee Conduct and sign forms acknowledging receipt when they begin their employment. Employees also receive yearly training on the topics contained therein, including the regulations against contraband.

II. The Defendant

6. The defendant MELISSA BROOKS began her employment as a correctional officer with the BOP at the MDC on or about July 14, 2024. The next day, BROOKS signed a form acknowledging that she had received the Standards of Employee Conduct and that she understood that her conduct was to be governed by those standards. On the date of this Indictment, BROOKS continued to work at the MDC.

III. The Bribery and Contraband Smuggling Scheme

7. Between July 2024 and December 2025, the defendant MELISSA BROOKS knowingly received bribes from family members or associates of several MDC inmates in exchange for smuggling contraband into the MDC.

8. For example, on or about October 18, 2024, the defendant MELISSA BROOKS received a bribe from individuals connected to an inmate who was then in custody at the MDC ("Inmate-1"), an individual whose identity is known to the Grand Jury. Specifically, at approximately 7:36 a.m. on that day, Inmate-1's sister ("Individual-A"), an individual whose identity is known to the Grand Jury, sent $5,000 to one of Inmate-1's associates ("Individual-B"), an individual whose identity is known to the Grand Jury, using a peer-to-peer payment service. Then, at approximately 7:40 a.m., Individual-B sent $5,000 to BROOKS through the same peer-to-peer payment service.

9. Similarly, on or about March 6, 2025, at approximately 9:05 p.m., Individual-A sent $2,000 to Individual-B. Then, at approximately 9:06 p.m., Individual-B sent $2,000 to the defendant MELISSA BROOKS.

10. Likewise, on multiple dates between March 2025 and June 2025, an associate of an inmate then in custody at the MDC ("Inmate-2"), an individual whose identity is known to the Grand Jury, sent bribes to the defendant MELISSA BROOKS. Specifically, one of Inmate-2's friends ("Individual-C"), an individual whose identity is known to the Grand Jury, sent $1,000 to BROOKS over the course of five payments using a peer-to-peer payment service. For two of those payments, Individual-C included notes expressly specifying that the money was for BROOKS from Inmate-2.

11. In furtherance of the bribery and contraband smuggling scheme, the defendant MELISSA BROOKS communicated directly with MDC inmates and their family or associates. For instance, on or about April 10, 2025, Inmate-1's mother sent an electronic message to BROOKS, writing that Inmate-1 "said he needs a phone" and that he was "gonna buy it," indicating that Inmate-1 would pay for BROOKS to smuggle the contraband cell phone into the MDC. And on or about December 15, 2025, BROOKS and Inmate-1 communicated directly with each other via electronic message regarding contraband. Inmate-1 wrote that he wanted his "stuff" and that he "thought you was gonna bring it to me." BROOKS responded, "😂😂😂 these mf are trying to throw my ass in jail baby."

<u>COUNT ONE</u>
(Bribery of a Public Official)

12. The allegations contained in paragraphs one through 11 are realleged and incorporated as if fully set forth in this paragraph.

13. In or about and between July 2024 and December 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MELISSA BROOKS, together with others, being a public official acting on behalf of an agency of the United States, to wit: the BOP, did knowingly, intentionally and corruptly demand, seek, receive, accept and agree to receive and accept, directly and indirectly, something of value, to wit: United States currency, personally or for another person or entity, in return for being induced to do and omit to do one or more acts in violation of the official duty of such official.

(Title 18, United States Code, Sections 201(b)(2)(C), 2 and 3551 <u>et</u> <u>seq</u>.)

COUNT TWO
(Conspiracy to Bribe a Public Official)

14. The allegations contained in paragraphs one through 11 are realleged and incorporated as if fully set forth in this paragraph.

15. In or about and between July 2024 and December 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MELISSA BROOKS, together with others, did knowingly and willfully conspire to corruptly demand, seek, receive, accept and agree to receive and accept, directly and indirectly, something of value, to wit: United States currency, for a public official, to wit: BROOKS, an employee of the BOP, in return for BROOKS to be induced to do and omit to do one or more acts in violation of the official duty of such official, contrary to Title 18, United States Code, Section 201(b)(2)(C).

16. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant MELISSA BROOKS, together with others, did commit and cause the commission of, among others, the following:

OVERT ACTS

(a) On or about October 18, 2024, BROOKS received a payment of $5,000 from Individual-B on behalf of Inmate-1;

(b) On or about March 6, 2025, BROOKS received a payment of $2,000 from Individual-B on behalf of Inmate-1;

(c) On or about March 12, 2025, BROOKS received a payment of $300 from Individual-C on behalf of Inmate-2;

(d) On or about December 15, 2025, BROOKS communicated with Inmate-1 regarding BROOKS assisting Inmate-1 to receive contraband in the MDC.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION

17. The United States hereby gives notice to the defendant that, upon her conviction of either of the offenses charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, which constitutes or is derived from proceeds traceable to such offenses.

18. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

s/

FOREPERSON

By: Whitman G.S. Knapp, AUSA

JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK